UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TODD ALLEN                                                                    PLAINTIFF

vs.                                                    CIVIL ACTION NO. 3:23-CV-73-CRS

JEFF TINDELL, et al.                                                          DEFENDANT

## MEMORANDUM OPINION

This is a 42 U.S.C. § 1983 civil rights action brought by a *pro se* pretrial detainee.  The

Court has granted Plaintiff Todd Allen leave to proceed *in forma pauperis*.  DN 8.  This matter is

before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A.  For the reasons

set forth below, the Court will dismiss this action.

## I.      SUMMARY OF COMPLAINT

Plaintiff was incarcerated at the Oldham County Detention Center (OCDC) when he filed

this complaint alleging violations of § 1983 against four defendants: Jailer Jeff Tindell, two "John

and Jane Does" employed as medical staff at OCDC, and one "John and Jane Does" employed as

officer at OCDC.  He brings this action against all defendants in their individual and official

capacities.  DN 1, at PageID # 2–4.  Plaintiff alleges violations of the Sixth, Eighth, and First

Amendments to the U.S. Constitution.  DN 1, at PageID # 3.  He alleges three claims, and requests

relief in the form of monetary damages for each claim.  *Id.* at 5.

Plaintiff's first claim is related to medication distribution at the jail.  Plaintiff states that

beginning January 14, 2023, and continuing until February 10, 2023:

Medical and Jail personal (officers) dispense medication out of the 'punch out pack'
and placed in envelopes with name only.  I have been given medication that did not

belong to me.  Continues to this day, by individuals not licensed or certified in medication or dispensing. . . .

Medication taken out of F.D.A. required packaging and dispensed by un-licensed or certified techs. . . .

I was given the wrong medication and suffered extreme abdominal pain. I did not receive any medical care for the pain.  1-16-23.

*Id.*

Plaintiff's second claim relates to group punishment.  Plaintiff states that: "Oldham County Detention Center implementing group punishment, causing inmate on inmate violence, threats, intimidation, and allowing inmates to discipline other inmates by force. . . . I have suffered threats of violence for merely not wearing jail issued clothing and the T.V. being shut-off.  These threats has caused me severe mental distress."  *Id.*

Plaintiff's third claim relates to access to the courts.  The complaint states:

Supreme Court ruled inmates could have in their possession 2'x2' square foot of legal materials. I am presently charged with a criminal offense in which I must be able to prepare questions for trial. O.C.D.C. will not allow me my legal materials such as books, discovery, and related documents. Phones being cut-off from Attorneys. . . .
. . .
I have trial 5-15-23, my lawyer has asked me to help prepare strategy and questions for trial. O.C.D.C. has refused me access to legal materials in property.  This is causing mental duress as well as hindering my ability to prepare for trial.

*Id.*

Plaintiff states that he has filed a grievance with OCDC about these claims and was told "this matter has been resolved," but states that "it was not" resolved, and that "[t]here is no appeal process."  *Id.* at 7.

## II.    LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint.   28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*,

549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).  The complaint, or any portion of it, must be dismissed if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 608.

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a  claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).  In analyzing the complaint, the "district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)).  However, "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.   DISCUSSION

"Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  "To state a claim under  § 1983, a plaintiff must allege [1] the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–55, 101 L. Ed. 2d 40 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff brings his claims against the defendants in their individual and official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978)). Therefore, the official-capacity claims against the defendants are treated the same as if brought directly against their employer, Oldham County. *See Lambert v. Hartman*, 517 F.3d 433, 439–40 (6th Cir. 2008) (stating that civil rights suit against county clerk of court in his official capacity was "the equivalent of suing the Clerk's employer, the County").

A plaintiff suing a municipal entity under 42 U.S.C. § 1983 must show that his constitutional injury was caused by the local government's policy or custom. *Monell,* 436 U.S. at 694, 98 S. Ct. at 2037. A county is considered a municipal entity for the purposes of § 1983. *Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 32, 131 S. Ct. 447, 450, 178 L. Ed. 2d 460 (2010). A municipality may only be held liable for the actions of its employees and agents where its policy or custom "'causes' an employee to violate another's constitutional rights." *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993) (quoting *Monell*, 436 U.S. at 692, 98 s. Ct. at 2036). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under §1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 326, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981) (quoting *Monell*, 436 U.S. at 694, 98 S. Ct. at 2037). Therefore, to state an official capacity claim, the plaintiff must allege a

4

constitutional violation, an official custom or policy, and that the policy was a moving force behind the constitutional violation.

The Court will address Plaintiff's three claims in turn.

### A.      Dispensing the Wrong Medication

The Court construes Plaintiff's claim related to medication distribution by OCDC personnel (DN 1, at PageID # 5) as one for deliberate indifference to a serious medical need. The Eighth Amendment protects convicted prisoners from "cruel and unusual punishments." U.S. Const. amend. VIII. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S. Ct. 2909, 2925, 49 L. Ed. 2d 859 (1976)) (internal citation omitted).

Pretrial detainees are similarly "protected under the Due Process Clause of the Fourteenth Amendment." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). To demonstrate deliberate indifference to serious medical need under the Fourteenth Amendment, "[m]ere negligence is insufficient. A defendant must have not only acted deliberately (not accidentally), but also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 596 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 825, 833, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994)). "A pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Id.* (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

Plaintiff has alleged that "Medical and jail personal (officers) dispense medication out of the 'punch out pack' and placed in envelopes with name only," and that on January 16, 2023, he "was given the wrong medication and suffered extreme abdominal pain. I did not receive any medical care for the pain." DN 1, at PageID # 5. Plaintiff has failed to allege any act committed by Defendant Tindell or any specific "Jane Doe" Defendant. He has also failed to allege sufficient factual matter to plausibly state a claim that any defendant was deliberately indifferent or exhibited reckless disregard to his serious medical need. The allegations do not plausibly state a claim for deliberate indifference to serious medical need, under a theory of either individual liability or municipal liability. Therefore, the claim will be dismissed for failure to state a claim upon which relief may be granted.

### B.      Group Punishment

Plaintiff alleges that "group punishment" implemented by OCDC is "causing inmate on inmate violence, threats, intimidation" and that OCDC is "allowing inmates to discipline other inmates by force." DN 1, at PageID # 5. He states that he has "suffered threats of violence for merely not wearing jail issued clothing and the T.V. being shut-off." *Id.* The Court construes this as a claim for failure to protect.

Under the Eighth Amendment, prison officials are obliged "to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833, 114 S. Ct. at 833 (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)). For a plaintiff to establish a violation of this right, the alleged deprivation must be "objectively, sufficiently serious," and the prison official's "state of mind is one of deliberate indifference to inmate health or safety." *Id.* at 834, 114 S. Ct. at 1977 (internal quotation marks and citations omitted). "On several occasions, [the Sixth Circuit] [has] held that 'deliberate indifference' of constitutional

magnitude may occur when prison guards fail to protect one inmate from an attack by another." *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990).

"The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees." *Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721, 727 (6th Cir. 2022). Under the Fourteenth Amendment, the plaintiff "establishes deliberate indifference by proving more than negligence but less than subjective intent—something akin to reckless disregard. A defendant must have acted deliberately (not accidentally) and recklessly in the face of an unjustifiably high risk of harm." *Id* (internal citation and quotation marks omitted).

Here, Plaintiff has failed to allege facts to indicate that any defendant acted with deliberate indifference or reckless disregard to an obvious unjustifiably high risk of harm. Plaintiff does not allege that any defendant was made aware of a risk of harm and failed to act, or that the risk was obvious, but only states that "I have suffered threats of violence," presumably from other inmates, because of the punishment of "the T.V. being shut-off" which caused Plaintiff to suffer "severe mental distress." DN 1, at PageID # 5. This fails to state a claim for deliberate indifference. Plaintiff also makes a conclusory allegation that OCDC "allow[s] inmates to discipline other inmates by force" (*id.*) but fails to allege supporting factual matter. Therefore, the Court finds that Plaintiff has failed to state a claim for deliberate indifference to inmate safety, and the claim will be dismissed.

### C.     Access to the Courts

The Supreme Court has held that "prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72 (1977), *abrogated by Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). However, in *Lewis*, the Court held that a plaintiff must show actual injury to state a constitutional violation.

518 U.S. at 349, 116 S. Ct. at 2179.  "Insofar as the right vindicated by *Bounds* is concerned, 'meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."  518 U.S. at 351, 116 S. Ct. at 2180 (internal citation omitted) (quoting *Bounds*, 430 U.S. at 823, 97 S. Ct. at 1495).  "Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline."  *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004).

Plaintiff alleges that "O.C.D.C. will not allow me my legal materials such as books, discovery, and related documents.  Phones being cut-off from Attorneys." DN 1, at PageID #5. Plaintiff states this is "hindering [his] ability to prepare for trial."  *Id.*  Plaintiff does not allege that he has suffered any actual injury or prejudice to a pending legal action.  Therefore, he fails to state a  constitutional violation with regard to these allegations.  Accordingly, Plaintiff's claim will be dismissed for failure to state a claim upon which relief may be granted.

## IV.    CONCLUSION

For the foregoing reasons, the instant action will be dismissed by separate order.

August 4, 2023

**Charles R. Simpson III, Senior Judge**
**United States District Court**